Case 2:21-cv-00086   Document 11   Filed on 05/18/21 in TXSD   Page 1 of 9

United States District Court
Southern District of Texas
**ENTERED**
May 18, 2021
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| TOMMY ALLEN O'NEAL, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. 2:21-CV-86 |
| | § | |
| DEEANNE GALVAN, *et al*, | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM AND RECOMMENDATION
## TO DISMISS CASE

Plaintiff Tommy Allen O'Neal is a Texas inmate appearing *pro se* and *in forma pauperis*. He filed this prisoner civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff's case is subject to screening pursuant to the Prison Litigation Reform Act. *See* 42 U.S.C. § 1997e(c); 28 U.S.C. §§ 1915(e)(2), 1915A.

For purposes of screening and the reasons set forth below, the undersigned respectfully recommends that Plaintiff's claims against Defendants be **DISMISSED with prejudice** as frivolous and/or for failure to state a claim for relief pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1). The undersigned further respectfully recommends that the dismissal of this case counts as a "strike" for purposes of 28 U.S.C. § 1915(g).[1]

---

[1] Plaintiff is **WARNED** that if he accumulates three strikes, he will not be allowed to proceed *in forma pauperis* in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious injury. *See* 28 U.S.C. § 1915(g).

## I. JURISDICTION

The Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331. This case has been referred to the undersigned magistrate judge for case management and making recommendations on dispositive motions pursuant to 28 U.S.C. § 636.

## II. PROCEDURAL BACKGROUND

Plaintiff is a prisoner in the Texas Department of Criminal Justice, Criminal Institutions Division (TDCJ-CID) and is currently assigned to the Hodge/Skyview Unit in Rusk, Texas. On May 16, 2003, Plaintiff was convicted in Nueces County of several charges of aggravated assault, aggravated sexual assault of a child, and burglary with intent to commit sexual assault.

In his original complaint, Plaintiff names the following individuals as Defendants: (1) Deeanne Galvan, a "state actor attorney;" (2) court-appointed attorney Gerald Rogen; (3) Magistrate Judge Julie K. Hampton; and (4) Judge Jack E. Hunter from the 99th District Court of Nueces County, Texas. (D.E. 1, p. 3). While cryptically referencing "qualified immunity" on several occasions, Plaintiff generally claims that Defendants violated his Sixth and Fourteenth Amendment rights. (D.E. 1, p. 4).

Plaintiff previously filed a similar prisoner civil rights complaint against Defendants Hunter, Rogen, and Galvan. (*O'Neal v. Hunter, et al.*, 2:20cv105 (S.D. Tex. filed on May 7, 2020) ("*O'Neal I*")). In a Memorandum and Recommendation issued on June 1, 2020 (June 1, 2020 M&R), the undersigned recommended dismissing Plaintiff's complaint with prejudice as frivolous until such time as Plaintiff satisfied the conditions

set forth in *Heck v. Humphrey*, 512 U.S. 477 (1994). (D.E. 15). The undersigned concluded that Plaintiff's claims were *Heck* barred because a ruling in Plaintiff's favor would have necessarily implied the invalidity of his 2003 convictions in Nueces County. (D.E. 15, p. 5). The undersigned further concluded that: (1) Defendant Hunter was immune from suit under the doctrine of judicial immunity; and (2) Defendant Rogen was not considered a "state actor." (D.E. 15, p. 5 n.3). On September 11, 2020, District Judge Nelva Gonzales Ramos adopted the June 1, 2020 M&R, dismissed *O'Neal I*, and counted the dismissal as a strike for purposes of 28 U.S.C. § 2254. (D.E. 23).

On July 5, 2020, Plaintiff filed a federal habeas corpus petition under 28 U.S.C. § 2254, seeking to challenge his 2003 convictions in Nueces County. (*O'Neal v. Lumpkin*, 2:20-CV-176 (S.D. Tex. filed on July 5, 2020) ("*O'Neal II*"). In that action, Plaintiff claimed that counsel had rendered ineffective assistance of counsel. In a Memorandum and Recommendation issued on February 18, 2021 (February 18, 2021 M&R), Magistrate Judge Julie K. Hampton found that: (1) on August 12, 2004, the Thirteenth District Court of Appeals of Texas affirmed Plaintiff's convictions; and (2) Plaintiff did not file a petition for discretionary review. (*Id.*, D.E. 51). Magistrate Judge Hampton recommended that Plaintiff's § 2254 petition be dismissed as untimely. (*Id.*). District Judge Ramos adopted the February 18, 2021 M&R and dismissed Plaintiff's § 2254 petition with prejudice. (D.E. 55).

In this prisoner civil rights action, Plaintiff alleges that Defendant Galvan rendered ineffective assistance of counsel by failing to file a petition for discretionary review and that Defendant Rogen rendered ineffective assistance of counsel by forcing Plaintiff to

accept a plea bargain in the state criminal proceeding. Plaintiff seeks a new state court trial and monetary relief. (D.E. 1, p. 4).

On May 4, 2021, the undersigned ordered Plaintiff to file a More Definite Statement. (D.E. 7). The undersigned specifically instructed Plaintiff to provide additional information to assist the Court in evaluating his claims. (D.E. 7, p. 4). On May 14, 2021, Plaintiff filed three motions which the undersigned construes as his responses to the May 4 Order.[2] (D.E. 8, 9, 10).

In his responses, Plaintiff appears to reiterate his claims against Defendants Galvan and Rogen and also assert that Judge Hunter violated his constitutional rights in connection with his trial, as he was an innocent man. (D.E. 8, pp. 2-3; D.E. 9, pp. 1-2; D.E. 10, pp. 1-2). Plaintiff neither provides any facts nor articulates any discernible claim against Magistrate Judge Hampton. Plaintiff's responses were otherwise unintelligible.

### III. LEGAL STANDARD

When a prisoner seeks to proceed *in forma pauperis* the Court shall evaluate the complaint and dismiss it without service of process if the Court finds the complaint frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A. *See* 28 U.S.C. § 1915(e)(2)(B) (providing that a court shall review an *in forma pauperis* complaint as soon as practicable and dismiss it if it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from an immune

---

[2] In a separate order, the undersigned will direct the Clerk of the Court to terminate these motions as pending matters.

defendant). A claim is frivolous if it has no arguable basis in law or fact. *Neitzke v. Williams,* 490 U.S. 319 (1989). A claim has no arguable basis in law if it is based on an indisputably meritless legal theory, "such as if the complaint alleges the violation of a legal interest which clearly does not exist." *Davis v. Scott,* 157 F.3d 1003, 1005 (5th Cir. 1998). A claim has no arguable basis in fact if "after providing the plaintiff the opportunity to present additional facts when necessary, the facts alleged are clearly baseless." *Talib v. Gilley,* 138 F.3d 211, 213 (5th Cir. 1998).

"In analyzing the complaint, [the Court] will accept all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff." *Jones v. Greninger,* 188 F.3d 322, 324 (5th Cir. 1999). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Plaintiff must allege sufficient facts in support of its legal conclusions that give rise to a reasonable inference that Defendants are liable. *Id.*; *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 556 (2007). The factual allegations must raise Plaintiff's claim for relief above the level of mere speculation. *Twombly*, 550 U.S. at 555. As long as the complaint, taken as a whole, gives rise to a plausible inference of actionable conduct, Plaintiff's claim should not be dismissed. *Id*.

Section 1983 provides a vehicle for redressing the violation of federal law by those acting under color of state law. *Nelson v. Campbell*, 541 U.S. 637, 643 (2004). To prevail on a § 1983 claim, the plaintiff must prove that a person acting under the color of state law deprived him of a right secured by the Constitution or laws of the United States. 42 U.S.C. § 1983; *West v. Atkins,* 487 U.S. 42, 48 (1988).

## IV. DISCUSSION

Plaintiff's claims against Defendants Hunter, Galvan, and Rogen are subject to dismissal pursuant to *Heck v. Humphrey*, 512 U.S. 477 (1994). In *Heck*, the Supreme Court held:

> in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254.

*Id.* at 486-87. The *Heck* rule also applies where a plaintiff seeks injunctive or declaratory relief, which, if granted, would necessarily imply that a conviction is invalid. *See Mann v. Denton County, Texas*, 364 F. App'x 881, 883 (5th Cir. 2010); *Reger v. Walker*, 312 F. App'x 624, 625 (5th Cir. 2009).

Any ruling in Plaintiff's favor on his claims challenging the actions of Defendants Hunter, Galvan, and Rogen would necessarily imply the invalidity of his 2003 Nueces County convictions. *Heck*, 512 U.S. at 487. Since no court has reversed or otherwise invalidated Plaintiff's convictions, Plaintiff's claims seeking monetary relief are barred by *Heck*. *See Heck*, 512 U.S. at 487. Because Plaintiff's § 1983 claims against Defendants Hunter, Galvan, and Rogen are barred by *Heck* as premature, it is respectfully

recommended that same be dismissed with prejudice as frivolous until such time as Plaintiff satisfies the conditions set forth in *Heck*.[3]

Moreover, as the judge in Plaintiff's Nueces County criminal proceeding, Defendant Hunter is immune from Plaintiff's suit for damages under the doctrine of judicial immunity. *See Mireles v. Waco*, 402 U.S. 9, 9-10 (1991); *Davis v. Tarrant Cnty., Tex.*, 565 F.3d 214, 221-22 (5th Cir. 2009). Even assuming Plaintiff had articulated a claim against Magistrate Judge Hampton, she is likewise "absolutely immune from suit [as a federal judge] with respect to 'acts committed within [her] judicial jurisdiction.'" *Lyons v. Sheetz*, 834 F.2d 493, 495 (5th Cir. 1987) (quoting *Pierson v. Ray*, 386 U.S. 547, 554 (1967)). Plaintiff also may not bring § 1983 claims against Defendant Rogen who, as a court-appointed attorney, is not considered a "state actor" subject to being sued under § 1983.[4] *See Duke v. Nelms*, No. 3:20-CV-665, 2020 WL 1977451, at *1 (N.D. Tex. Apr. 3, 2020) (citing *Polk County v. Dodson*, 454 U.S. 312, 324-25 (1981)).

Lastly, Plaintiff cannot challenge the legality of his confinement or seek his immediate release from confinement in a § 1983 action. *Wilkinson v. Dotson*, 544 U.S. 74, 78 (2005); *Clarke v. Stalder*, 154 F.3d 186, 189 (5th Cir. 1998). Such claims may only be raised in a petition for federal habeas corpus relief filed pursuant to 28 U.S.C. § 2254. *See Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973); *Carson v. Johnson*, 112 F.3d

---

[3] The Fifth Circuit has held that *Heck*-barred claims must be "dismissed with prejudice to their being asserted again until the *Heck* conditions are met." *Johnson v. McElveen*, 101 F.3d 423, 424 (5th Cir. 1996).

[4] Without providing any supporting facts, Plaintiff states that Defendant Galvan was a "state actor attorney" who rendered ineffective assistance of counsel to Plaintiff in connection with his direct appeal. Even if Plaintiff could establish that Defendant Galvan was a state and not a private actor, his claims against her are *Heck* barred as discussed above.

818, 820 (5th Cir. 1997). In *O'Neal II*, the Court dismissed with prejudice Plaintiff's § 2254 federal habeas petition as untimely.

## V.   CONCLUSION

For the reasons stated above, pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1), it is respectfully recommended that Plaintiff's claims against Defendants be **DISMISSED** with prejudice as frivolous and/or for failure to state a claim for relief. It is respectfully recommended further that this dismissal count as a "strike" for purposes of 28 U.S.C. § 1915(g), and that the Clerk of Court be **INSTRUCTED** to send notice of this dismissal to the Manager of the Three Strikes List for the Southern District of Texas at Three_Strikes@txs.uscourts.gov.

Respectfully submitted this 18th day of May, 2021.

_____
Jason B. Libby
United States Magistrate Judge

## NOTICE TO PARTIES

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel. Within **FOURTEEN (14) DAYS** after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to Fed. R. Civ. P. 72(b), 28 U.S.C. § 636(b)(1), General Order No. 2002-13, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within FOURTEEN (14) DAYS after being served with a copy shall bar that party, except upon grounds of *plain error,* from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court. *Douglass v. United Servs. Auto Ass'n,* 79 F.3d 1415 (5th Cir. 1996) (en banc).